UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YURIEL ALEJANDRO HERNANDEZ HERNANDEZ, | § § § | |
| Petitioner, | § § § | |
| v. | § § | No. 3:26-CV-00870-LS |
| WARDEN OF CAMP EAST MONTANA, MICHAEL WATKINS, MARY DE ANDA-YBARRA, ACTING ICE DIRECTOR; TODD M. LIONS, AND PAM BONDI, ATTORNEY GENERAL, | § § § § § § § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Yuriel Alejandro Hernandez Hernandez brings this petition for a writ of habeas corpus against Respondents under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE").[1] Because the Court determines that Petitioner has received a bond hearing under 8 U.S.C. § 1226(a), the Court will deny the petition.

Petitioner seeks his release from detention.[2] The Government erroneously claims that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) as an "applicant for admission,"[3] even though Petitioner was admitted to the United States,[4] and the Immigration Judge who reviewed Petitioner's request for custody re-determination applied the bond provisions of 8 U.S.C. § 1226(a).[5]

---

[1] ECF No. 2.
[2] Id. at 2.
[3] ECF No. 5.
[4] ECF No. 5-1 at 1.
[5] ECF No. 5-2 at 2.

8 U.S.C. § 1226(a) allows, but does not require, the Attorney General to release an alien on bond.[6] After an initial custody determination is made, an alien may appeal the custody determination to an immigration judge, who is authorized "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released."[7] A determination made by an immigration judge may be further appealed to the Board of Immigration Appeals.[8]

In this case, the immigration judge determined that Petitioner "poses an extreme flight risk" and found that he was "properly detained without bond."[9] Under 8 U.S.C. § 1226(e), this Court does not have the authority to "set aside any action or decision by the Attorney General . . . regarding the detention of any alien or the revocation or denial of bond or parole." Additionally, the Court cannot review "any . . . decision or action of the Attorney General . . . the authority for which is specified . . . to be in the discretion of the Attorney General."[10] Therefore, the Court does not have the authority to review or set aside the decision to deny bond to Petitioner.

Because Petitioner Yuriel Alejandro Hernandez Hernandez is not entitled to release, his petition is **DISMISSED WITHOUT PREJUDICE**. All pending motions are denied as moot. The Clerk shall close this case.

**SO ORDERED**.

**SIGNED** and **ENTERED** on May 15, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[6] 8 U.S.C. § 1226(a)(2)(A).
[7] 8 C.F.R. § 1236.1(d)(1).
[8] *Id.* § 1003.19(f).
[9] ECF No. 5-2 at 3.
[10] 8 U.S.C. § 1252(a)(2)(B)(ii).

2